**Reversed and Remanded and Majority and Concurring Opinions filed October 12, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00883-CV

---

**MARGUERITE TAMASY, Appellant**

**V.**

**LONE STAR COLLEGE SYSTEM, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-71050**

---

## CONCURRING OPINION

Although Tamasy's contracts with Lone Star covered multiple years, the agreements containing the most favorable language for her are those from 2011 to 2015. Regarding employee benefits, those agreements provide:

> . . . Employee **shall be extended those benefits** which are set forth in detail by System policy and laws of the State of Texas as may be amended. **These include** . . . **retirement program participation in**

**TRS, ORP,** TIAA-CREF **and/or** TDA, **when applicable**. . . . (Emphasis added).

To me, this language means that Tamasy must be allowed to participate in the specific retirement benefit program under state law applicable to her for the years 2011 to 2015.

This clause mentions TRS and ORP, both state law retirement programs. TRS is the Teacher Retirement System of Texas. *See* Tex. Gov't Code §§ 821.001 *et seq.*, 830.0011. ORP refers to the "optional retirement program" authorized by Government Code Chapter 830. ORP is an alternative to participation in TRS and is offered to faculty members employed in state-supported institutions of higher education. *See id.* §§ 830.001, 830.002(b), 830.101(a); *Gillespie v. Univ. of Tex. Health Sci. Ctr.*, No. 14-01-00201-CV, 2002 WL 1163002, at *1 n.2 (Tex. App.— Houston [14th Dist.] May 30, 2002, no pet.) (not designated for publication).[1] For those employees electing to participate in the ORP, the statute requires a contribution from the employee and a matching contribution from the State, which are sent to the company controlling the relevant account or annuity. *See* Tex. Gov't Code §§ 830.201, 830.202. The statute further requires an ORP participant and her employing institution to execute a contract providing for salary reductions and employer contributions. *See id.* § 830.204.

Lone Star says it deducted money from Tamasy's paychecks each pay period for the purpose of contributing it to a retirement program. Lone Star further explains that it sent the funds on Tamasy's behalf to the TRS and not to the ORP.

---

[1] Section 830.101(a) requires the governing board of each institution of higher education to provide to all faculty members in the component institutions an opportunity to participate in the ORP. Tex. Gov't Code § 830.101(a). A member of the retirement system may elect to participate in the ORP instead of TRS. *Id.* § 830.102(a).

It is undisputed, however, that ORP, not TRS, is the retirement benefit program applicable to Tamasy, at least for the contract years from 2011 to 2015. This is established because Lone Star asserted as much in its summary judgment motion and attached evidence that, in December 2017, it certified a reporting error under Government Code section 830.108 to restore benefits to Tamasy's ORP account.[2] Additionally, according to Lone Star, in August 2018 it made payments to Tamasy's designated ORP trustee representing the state contribution portion of her entitlement, together with the required interest payment, as contemplated by section 830.108. When Lone Star certified the error and made these payments, it was acknowledging that the ORP is the retirement benefits program applicable to Tamasy.[3]

## Discussion

Lone Star filed a traditional summary judgment motion on Tamasy's breach of contract claim. Lone Star's summary judgment arguments are condensed to two main points. First, it argued that the contracts with Tamasy did not obligate Lone Star to provide any specific retirement benefits to her. It re-asserts this ground on appeal in defense of the summary judgment. I agree with the majority that Lone Star's motion does not show conclusively that at least the 2011-2015 contracts made no promise for specific pension benefits. Lone Star was obligated to extend

---

[2] Government Code section 830.108 went into effect on September 1, 2017. *See* Act of May 17, 2017, 85th Leg., R.S., ch. 186, § 4. Entitled "Correction of Certain Reporting Errors," it created a procedure for restoring an employee's participation in the correct retirement benefits program, transferring credit for employer contributions, and paying lost interest at a rate of four percent per year to make affected employees whole. *See* Tex. Gov't Code § 830.108.

[3] Tamasy presented evidence with her summary judgment response showing that she informed Lone Star when she was hired that she had elected to participate in the ORP. While I focus my analysis on whether Lone Star met its initial summary judgment burden as the movant—and thus it is unnecessary to consider Tamasy's responsive evidence in the event I conclude, as I do, that Lone Star failed in its burden—I note Tamasy's evidence that she elected ORP participation merely to observe that the parties' views on this fact are consistent.

3

to Tamasy participation in a retirement program such as either TRS or ORP, as applicable. If ORP participation is applicable to her, as it is, then the 2011-2015 agreements include an enforceable promise that she be allowed participation in the ORP.

Lone Star's second summary judgment ground, also urged on appeal, is that Tamasy cannot prevail on her breach of contract claim because she has been "made whole" by Lone Star's section 830.108 certification and the payment of the statutorily required funds to her ORP account. When Lone Star asserts that Tamasy has been "made whole," it is unclear whether it means there has been no contract breach, or Tamasy has no damages, or both. I will assume Lone Star challenged both elements in its summary judgment motion.

Lone Star's essential point is that it proved that it reported the issue and made the necessary contributions to the ORP account in Tamasy's name. In support, it presented no affidavit or testimony other than business records affidavits to prove up the documents showing the payments. Tamasy does not controvert Lone Star's evidence of the payments to her ORP trustee.

Based on the relevant text of the 2011-2015 agreements, I agree Lone Star did not conclusively disprove breach for those years. ORP was the retirement program applicable to Tamasy, but Lone Star failed to deposit her withholdings into the ORP account and failed to contribute to that account until 2018. Instead, it contributed to a TRS account inapplicable to Tamasy and for which she was not eligible. Lone Star did not prove conclusively that it complied with the agreements from 2011 to 2015.

I also do not believe Lone Star's summary judgment motion fully and conclusively disproved the damages element of Tamasy's contract claim. As a junior college district created under Education Code Chapter 130, Lone Star is a

political subdivision of the state. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B); *Lone Star Coll. Sys. v. Immigration Reform Coal.*, 418 S.W.3d 263, 270 n.7, 271 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Lone Star is authorized to enter into contracts and, for those contracts it executes subject to subchapter 271 of the Local Government Code, the Legislature has waived Lone Star's governmental immunity from suit for the purpose of adjudicating a claim for breach of the contract. *See* Tex. Loc. Gov't Code §§ 271.151, 271.152; *Clear Creek Indep. Sch. Dist. v. Cotton Commercial USA, Inc.*, 529 S.W.3d 569, 585 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). In such proceedings, the total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to subchapter 271 is limited to, as relevant: (1) the balance due and owed by the local governmental entity under the contract as it may have been amended; (2) reasonable and necessary attorneys' fees that are "equitable and just"; and (3) interest. Tex. Loc. Gov't Code § 271.153.

Lone Star proved payments in accordance with Chapter 830 to restore Tamasy's ORP account. It is unclear, however, on this record, whether those payments demonstrate that Tamasy has received the "balance due and owed" under those agreements that contain enforceable promises to extend ORP retirement benefits. In its motion, Lone Star did not attempt to prove that Tamasy's ORP account balance is now equal to or greater than what it would have been if Lone Star had been contributing to the ORP account all along. Nor do I see any agreement among the parties on that point in the record.

Even if Lone Star proved that Tamasy's ORP account value is today what it would have been if Lone Star had made contributions to ORP instead of TRS throughout the relevant years of Tamasy's employment, this case still is not moot

5

because Tamasy potentially remains entitled to attorneys' fees, if any, as are "equitable and just." *Id.* Even if the payments to her ORP trustee satisfy the "balance due and owed" by Lone Star, those payments did not occur until 2018, after she filed suit. Tamasy's live petition pleads for attorneys' fees, and Lone Star did not disprove attorneys' fees or mention them in its summary judgment motion.

For these reasons, I concur in this court's judgment to reverse and remand the cause for further proceedings.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Poissant, and Wilson. (Poissant, J., majority).